1  Kenneth H. Brown (CA Bar No. 100396)
   Miriam Manning (CA Bar No. 178584)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, California 94111-4500
   Telephone: 415/263-7000
4  Facsimile: 415/263-7010

5  E-mail: kbrown@pszjlaw.com
           mmanning@pszjlaw.com
6
   Counsel for E. Lynn Schoenmann,
7  Chapter 7 Trustee

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11  In re:                              Case No.: 20-30621

12  REALTYSHARES, INC.                  Chapter 7

13                         Debtor.      **APPLICATION OF THE CHAPTER 7
                                        TRUSTEE FOR ORDER APPROVING
14                                      EMPLOYMENT OF KIEVE LAW
                                        OFFICES AS SPECIAL LITIGATION
15                                      COUNSEL**

16
                                        [No Hearing Required]
17

18          E. Lynn Schoenmann, the duly appointed Chapter 7 Trustee in the above-captioned

19  bankruptcy case (the "**Trustee**"), hereby applies to the Court (the "**Application**") for entry of an

20  order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "**Bankruptcy**

21  **Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**")

22  authorizing the Trustee's retention and employment of the Kieve Law Offices (the "**Firm**") as

23  special litigation counsel for the above-captioned estate to investigate and prosecute the Claims

24  (defined below) on a contingency fee basis.

25          The location and telephone number of the Firm are:

26          Kieve Law Offices
            2655 Steiner Street
27          San Francisco, California 94115-1141
            Tel:    415.364.0060
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# I.

## JURISDICTION

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules.

# II.

## BACKGROUND

### A. The Bankruptcy Case and the Claims.

3. RealtyShares, Inc. (the "**Debtor**") filed a voluntary chapter 7 petition in this Court on July 31, 2020. E. Lynn Schoenmann was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy case ("**Case**").

4. The Trustee understands that the Debtor was engaged in online realty investment sales and ongoing investment management, through their proprietary online real estate investment marketplace platform. The Debtor operated its business through various subsidiaries, some of which owe the Debtor considerable intercompany debt. The Trustee seeks Court authority to employ and retain the Firm on a contingency fee basis to represent the estate in connection with the investigation and prosecution of the claims against various subsidiaries of the Debtor that are believed to owe substantial intercompany payables that were incurred in or about 2018 and 2019 (the "**Claims**").

# III.

## RELIEF REQUESTED

5. By this Application, the Trustee seeks to employ and retain the Firm pursuant to 11 U.S.C. sections 327(a) and 328 as the estate's special litigation counsel, on a contingency fee basis as more fully described below, in connection with the investigation and prosecution of the Claims.

//

//

//

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

## IV.

## THE COURT SHOULD AUTHORIZE THE TRUSTEE

## TO RETAIN THE FIRM AS SPECIAL LITIGATION COUNSEL

**A.     The Firm Is Qualified To Represent The Trustee.**

6.     The Trustee seeks authority to retain the Firm as special litigation counsel to investigate and prosecute the Claims.  The Firm has extensive experience representing both plaintiffs and defendants in complex, high stakes litigation around the country including securities, insurance coverage, construction, environmental, derivative, financial services, commodities trading, antitrust, contract, RICO, insurance sales practices, products liability, defamation, personal injury, employment, discrimination, real estate, mine disaster, Foreign Corrupt Practices Act and other commercial cases.  The firm's website, www.kievefirm.com, describes many of the firm's cases. The Trustee has selected the Firm because of this breadth of experience and knowledge in representing parties in complex commercial litigation.  Mr. Kieve is the primary attorney in charge of this representation.  A more detailed statement of Mr. Kieve's experience is attached as <u>Exhibit A</u> to his declaration.  The Trustee therefore believes that the Firm is well qualified and its retention is in the best interest of the estate.

**B.     The Firm is Disinterested and Does Not Hold or Represent an Adverse Interest.**

7.     To the best of the Trustee's knowledge, and as described in the supporting *Declaration of Loren Kieve in Support of the Trustee's Application for Order Approving the Employment of Kieve Law Offices as Special Litigation Counsel* (the "**Kieve Declaration**"), the Firm does not hold or represent any interest adverse to the Trustee or the Debtor's estate with respect to the matters on which the Firm is to be employed.   The Firm therefore qualifies for employment as special litigation counsel for the Trustee in this chapter 7 Case pursuant to section 327(a).

8.     As further described in the Kieve Declaration, the Firm is also "disinterested" as that term is defined in 11 U.S.C. section 101(14) in that it has no connection with the Trustee, the Debtor, its creditors, any other party-in-interest herein, their respective attorneys or professionals, the United States Trustee or any person employed in the Office of the United States Trustee.  The Firm also does not employ any person who is related to a judge of this Court.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

9.      To the extent that the Firm discovers any connection with any interested party or enters into any new relationship with any interested party that require disclosure under the Bankruptcy Code or Rules, the Firm will supplement its disclosure to the Court.

**C.      The Firm's Compensation.**

10.      The Trustee proposes to pay the Firm on a contingency fee basis.  The terms of the proposed retention are set forth in a letter agreement ("**Agreement**")*,* dated September 9, 2021, a copy of which is attached hereto as **Exhibit 1**.  As set forth in the Agreement, the Trustee, on behalf of the Debtor's estate, agrees to pay the Firm a combination hourly and contingency fee if the Firm is successful in obtaining a monetary recovery for the estate.  The contingency fee is a combination of services that will be rendered by Loren Kieve at his hourly rate of $900 and customary expenses, plus an additional percentage fee calculated against the amounts that are recovered for the estate as a result of Firm's prosecution of the Claims (collectively, the "**Contingency Fee**").  The percentage contingency fee is 33.33% of the Gross Recovery[1] if the Gross Recovery is paid as a result of settlement or 40% if the Gross Recovery is obtained by trial.

11.      The Contingency Fee is to be paid solely from the Gross Recovery, in the following order of priority:

a.      First, payment of the allowed the Secured Claim;

b.      Second, payment of all chapter 7 administrative expenses including those incurred by the Firm, consisting of its hourly fees and expenses;

c.      Third, payment of allowed priority claims in full;

d.      Fourth, distribution of 20% on allowed general unsecured claims; and

e.      Fifth, 20% of any remaining Gross Recovery to be distributed to the holders of allowed general unsecured claims as an additional distribution and 80% to the Firm on account of its percentage contingency fee which will be capped at 33.33% or 40% of the Gross Recovery depending on whether the Gross Recovery is obtained through settlement or trial.

---

[1]  The Agreement defines Gross Recovery to mean the value of all monetary consideration received by the estate and the value of any reduction of the secured claim filed in this Case by TPC Note Acquisition, LLC in the amount of $4,984,701 (reflected on the claims register as Claim No. 13) (the "**Secured Claim**").

DOCS_SF:106512.2 77856/001

12.     As noted above, the Firm will receive compensation of its Contingency Fee only if it is successful in obtaining a monetary recovery for the estate and then, it will only receive payment of its percentage contingency fee after holders of general unsecured claims receive a minimum 20% distribution on account of their allowed claims.

13.     With regard to the hourly component of its fees, the Firm intends to apply to the Court for allowance of its hourly compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the United States Trustee[2], and pursuant to any additional procedures that may be established by the Court in this Case. The Firm will charge for its legal services on an hourly basis in accordance with the ordinary and customary hourly rates in effect at the time the services are rendered. I believe that the rates charged by the Firm are its normal billing rates and that they are comparable to those charged by attorneys of similar experience for engagements of scope and complexity similar to the type of litigation matters for which this engagement is sought.

14.     No retainer has been paid to the Firm in connection with the proposed engagement.

**WHEREFORE**, the Trustee respectfully requests that this Court approve the employment of the Firm as special litigation counsel under Bankruptcy Code sections 327(a) and 328 to perform the legal services described the *Agreement*.

Dated: September _//_, 2021

By _____
E. Lynn Schoenmann, Chapter 7 Trustee

---

[2] The Agreement contemplates the Firm will bill its time using "block billing" (rather than separately itemizing tasks) in light of the contingency fee structure of the engagement which allows the Firm to receive compensation for its services only if it procures a recovery for the estate.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

(Retainer Agreement for Kieve Law Offices)

Kieve | Law Offices

2655 Steiner Street
San Francisco, California  94115
www.kievelaw.com

Telephone:  415.364.0060
Conference:  866.384.2318

Loren Kieve
lk@kievelaw.com
Cell:  415.425.2655

September 9, 2021

*By e-mail*

E. Lynn Schoenmann
35 Miller Avenue #298
Mill Valley CA 94941
lschoenmann@earthlink.net

*In re RealtyShares, Inc., Chapter 7, Case No. 20-30621*
*United States Bankruptcy Court for the Northern District of California*

Dear Lynn:

This agreement ("Agreement") describes the terms of the engagement of Kieve Law Offices and Loren Kieve (sometimes, "KL," "lawyers," "we," or "us"), as special counsel, by you as client in your capacity as the trustee ("Trustee") for the Chapter 7 Estate of RealtyShares, Inc. (the "Estate") pending in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

## SCOPE OF ENGAGEMENT

We will represent you as Trustee in connection with claims against various entities related to RealtyShares, Inc., including IIRR Management Services, Inc., RealtyShares Manager LLC, RS Lending, Inc., and Realty Shares Securities LLC (referred to herein as the "Claims").

This engagement will include tasks that in our judgment are necessary to analyze, investigate, and pursue the Claims in order to obtain a recovery for the Estate, including, development of the Claims, filing an adversary proceeding in the Bankruptcy Court (or a complaint in another court as appropriate), discovery, motion practice, other pretrial work, any settlement negotiations, any appeals, a trial or arbitration hearing if necessary and any work required to collect upon judgments. The work we have agreed to perform is referred to herein as the "Matter" or "Engagement."

The services to be provided by us in connection with the Engagement will encompass those legal services that (i) are normally and reasonably associated with such an engagement, (ii) are consistent with our ethical obligations, and (iii) we are able, have been requested, and have agreed to provide.

"Gross Recovery" means the fair value of all monetary consideration received by the Estate in connection with any settlement, judgment, award, or other recovery related to the Claims and the value of any reduction of the secured claim. If no actual recovery is obtained and paid to the estate in connection with the Claims, KL shall not be paid a Contingency Fee, irrespective of whether the Secured Claim is reduced.

"Secured Claim" means Claim No. 13 filed by TPC Note Acquisition, LLC in the stated amount of $4,984,701, including any amended claim relating to this claim.

"Secured Creditor" means TPC Note Acquisition, LLC or any party that takes the Secured Claim by assignment.

## FEES

In consideration for our services, we shall be paid the contingency fee described in accordance with the "waterfall" set forth below ("Contingency Fee"). The Contingency Fee will be calculated by applying the percentages set out below to the Gross Recovery as that term is defined below.

The Contingency Fee shall be determined pursuant to a formula based on a combination of hours expended plus an additional percentage contingency fee based on the amount of the recovery received by the Estate.

KL shall be paid solely from the Gross Recovery obtained through pursuit of claims against related entities and related persons. The Secured Claim must be paid in full, or otherwise resolved, before any funds are available to pay KL's fees and costs.

KL shall have an administrative claim for (1) costs incurred, (2) hours incurred at the rate of $900 per hour, subject to court approval, and (3) a percentage contingency fee of 33.33% of the Gross Recovery if the Gross Recovery is by settlement, or 40% of the Gross Recovery if the Gross Recovery is by trial, to be paid pursuant to the "waterfall" below. The Contingency Fee shall be computed based on the actual amount recovered and the amount of the reduction of the Secured Claim, without reference to any non-monetary consideration, and shall be paid only out of amounts actually recovered and paid to the estate.

1.    First, payment of the allowed the Secured Claim;

2.    Second, payment of all chapter 7 administrative expenses including those incurred

by the Firm, consisting of its hourly fees and expenses;

3.    Third, payment of allowed priority claims in full;

4.    Fourth, distribution of 20% on allowed general unsecured claims; and

5.    Fifth, 20% of any remaining Gross Recovery to be distributed to the holders of

allowed general unsecured claims as an additional distribution and 80% to the Firm on

account of its percentage contingency fee which will be capped at 33.33% or 40% of the

Gross Recovery depending on whether the Gross Recovery obtained through settlement

or trial.

If payment of all or any part of the Gross Recovery to be received is deferred, the recovery for purposes of calculating our fees will be based on the present value of the entire settlement, and our fees and costs will be paid out first.

This fee arrangement is not set by law but is the product of negotiation between the parties. We will provide a breakdown of how we believe the Contingency Fee should be calculated if fees are earned. If requested, we will provide a statement of the total number of hours worked in each month by each attorney and all legal assistants, along with a general description of the work performed that month. You expressly agree that "block billing" will be acceptable for such statements of hours worked.

## DOCUMENT RETENTION, PRODUCTION AND REVIEW

You will be responsible for providing us with all documents, including information stored electronically, relevant to any matter for which we are engaged. Even if there is in effect a document retention policy that might result in the scheduled destruction or discarding of documents that could be relevant to litigation or arbitration, you will not destroy or discard any possibly relevant document without consulting us first. You expressly represent that you are not aware of any relevant document, electronically stored information, evidence, or other item that has been intentionally destroyed, deleted, or discarded.

## COSTS AND EXPENSES

We will advance any costs, expenses and fees for other services incurred in connection with our representation, regardless of the outcome of the Claims. Our expenses may include, but are not limited to, court fees, service-of-process charges, photocopies, computer-assisted legal research, long distance telephone and telecopy charges, messenger and delivery fees, court reporter fees, travel, meals, hotel, and messenger/overnight delivery charges. Expenses may also include charges billed by outside service providers that are not "professionals" ("Non-Professional Service Providers"), such as a court-reporting firm, Electronically Stored Information ("ESI") or document production company, as well as the services of expert witnesses and trial consultants.

You agree to reimburse us for all costs reasonably incurred during this Engagement from the proceeds of the Gross Recovery pursuant to the terms of the "waterfall" described above. In

the event no Gross Recovery is obtained, the Estate shall not be obligated to reimburse costs and expenses. We will itemize all expenses incurred on our bills. Back up receipts will be provided upon request.

## SETTLEMENT

We will communicate any settlement proposal made by defendants to you and will also seek your approval before making any settlement proposals to defendants. You have the absolute right to accept or reject any settlement proposal. We will not settle the Claims without your approval. We understand and acknowledge that any settlement of the Claims is subject to the approval of the Bankruptcy Court.

## CHOICE OF LAW

California law (without regard to its choice of laws principles) will govern any dispute or claim related to or arising out of this Agreement, whether in arbitration or in the courts.

## BANKRUPTCY COURT JURISDICTION

The Bankruptcy Court shall have jurisdiction to resolve any dispute, claim or controversy arising out of or relating to this Engagement or Agreement (including without limitation disputes over the services we performed, fees and alleged malpractice).

In the event that any action is brought to collect unpaid fees or expenses owed to us, the prevailing party will be awarded reasonable attorneys' fees and costs incurred in prosecuting or defending such collection proceeding; provided however that any fees and expenses of KL may only be paid from the proceeds of the Gross Recovery and pursuant to applicable law.

## NO PROMISES REGARDING OUTCOME OF ACTION

In the course of the representation, we may discuss with you the status or potential outcome of the Claims. We cannot promise or guarantee any particular outcome or result due to variables and uncertainties outside our control. Therefore, you should not construe any expressions of opinions on such matters or issues as assurances, promises or guarantees of the potential outcome of the Claims.

## ETHICS COUNSEL

KL represents other clients and handles a number of complex matters each year. In part because of the clients that KL represents and the complexity of the matters we become involved in, from time-to-time issues arise that raise questions as to our duties under the professional conduct rules that apply to lawyers. These might include, e.g., conflict of interest issues, and could even include issues raised because of a dispute between us and a client over the handling of a matter. We believe that it is in our clients' interest, as well as KL's interest, that if legal ethics or related issues arise during a representation, we will receive expert analysis of our obligations. Therefore, when such questions arise, we sometimes seek the advice of outside

ethics counsel ("ethics counsel"). You and we agree that the consultation of firm personnel with ethics counsel are attorney-client privileged communications. As a consequence, in the event of a dispute between you and KL, you may be unable to obtain discovery from KL concerning such communications. You and we agree that, in the event that firm personnel consult with ethics counsel regarding our representation of you, KL may continue to represent you and our continued representation of you shall not waive the attorney-client privilege over consultations between firm personnel and ethics counsel.

## WORK PRODUCT

You understand that we maintain our files electronically. We will use our professional judgment in determining what pleadings and other documents to save, and how long to save them. At the conclusion of this Matter, you may request the file from us within sixty (60) days. We reserve the right to destroy all or parts of the file without notice to you if such a request is not made.

Trustee and we agree not to waive any privilege that may apply to such materials, including the work product and attorney-client privilege, without your and our permission.

## DIGITAL FILE MAINTENANCE

During our representation, we will be sending you copies of all important contracts, pleadings, letters, notices, and other material that we believe you should review. We strive to maintain these documents in digital (paperless) format, so more often these copies will be in digital format for ease of retention and portability. You should have a secure place to keep these documents. If you need additional paper copies, we can make those at your expense for reasonable copy fees or cooperate in sending the data to the secure copy service of your choice. You may control these costs by keeping digital copies. If you believe your particular file requires encryption, you should advise us of the form of encryption. If we are required to secure encryption software specifically for your case, you will advance the cost of that software.

## CONSENT TO USE OF E-MAIL AND CLOUD SERVICES

In order to provide you with efficient and convenient legal services, we will frequently communicate and transmit documents using e-mail. Because e-mail continues to evolve, there may be risks communicating in this manner, including risks related to confidentiality and security. By entering into this Agreement, you are consenting to such e-mail transmissions with you and your representatives and agents. In addition, we use a cloud computing service with servers located in a facility other than our office. Most of our electronic data, including emails and documents, are stored in this manner. By entering into this Agreement, you understand and consent to having communications, documents and information pertinent to this matter stored through such a cloud-based service.

## TERMINATION AND CONCLUSION OF REPRESENTATION

You are entitled to terminate this Engagement at any time by written notice effective when we receive it. We will then provide no further services on your behalf if we receive such notice unless we agree otherwise in writing or are ordered to perform further work by a Court of competent jurisdiction or an arbitrator.

In addition, we reserve the right to withdraw from representing any client at any time for any reason. For example, we may withdraw if we determine that your conduct has made it unreasonably difficult for us to carry out our representation effectively, or circumstances arise that make Lawyers' representation of you impractical.

In the event you terminate this Agreement without wrongful conduct by us that would cause us to forfeit any fee, or if we withdraw from this Engagement, we may ask the Bankruptcy Court to order you to pay us a fee based on the reasonable value of our services. Any such fee shall be payable only out of the actual recovery obtained by you in this Matter. The amount of such fee shall not be greater than the fee that we would have earned if the Contingency Fee described above in this Agreement had been paid.

## INTEGRATION

This Agreement constitutes the entire, final, and binding agreement between us and you, and may only be modified in a writing signed by all parties.

## WAIVER OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 6148

To the extent that the terms of our fee agreement may be deemed not to comply with the provisions of § 6148 of the California Business and Professions Code on legal fees and other charges, you hereby expressly agree to waive the requirements of that section. The full text of § 6148 can be found at the end of this letter.

## SEVERABILITY

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

## CLIENT'S ACKNOWLEDGMENT

You acknowledge that we have encouraged you to consult independent counsel concerning the negotiation of this Agreement and its terms that you have made sufficient investigation and inquiry to determine that this Agreement is fair and reasonable, and that this agreement was the product of arm's-length negotiation with us. You represent and warrant to us that you have either consulted such independent counsel or, having had an adequate opportunity to seek such advice, have declined to follow our advice that you do so.

We discuss the terms and conditions of our engagement so candidly because we believe that you are entitled to know our policies and that this type of frank discussion will avoid any misunderstandings later. Please sign a copy of this Agreement in the corresponding space provided below indicating agreement to the terms and conditions set forth above. We will commence our representation in this matter upon receipt of this Agreement signed by you and Bankruptcy Court approval of the Agreement.

If these terms and conditions are acceptable, please sign the enclosed copy of this letter in the space below.

Sincerely,

Loren Kieve

cc: Kenneth Brown
    (General Counsel to the Trustee)

SUBJECT TO COURT APPROVAL, AGREED:

ESTATE OF REALTYSHARES, INC.

By:
E. Lynn Schoenmann
Chapter 7 Trustee

### *California Business and Professions Code § 6148*

(a) In any case not coming within Section 6147 in which it is reasonably foreseeable that total expense to a client, including attorney fees, will exceed one thousand dollars ($1,000), the contract for services in the case shall be in writing. At the time the contract is entered into, the attorney shall provide a duplicate copy of the contract signed by both the attorney and the client, or the client's guardian or representative, to the client or to the client's guardian or representative. The written contract shall contain all of the following:

(1) Any basis of compensation including, but not limited to, hourly rates, statutory fees or flat fees, and other standard rates, fees, and charges applicable to the case.

(2) The general nature of the legal services to be provided to the client.

(3) The respective responsibilities of the attorney and the client as to the performance of the contract.

(b) All bills rendered by an attorney to a client shall clearly state the basis thereof. Bills for the fee portion of the bill shall include the amount, rate, basis for calculation, or other method of determination of the attorney's fees and costs. Bills for the cost and expense portion of the bill shall clearly identify the costs and expenses incurred and the amount of the costs and expenses. Upon request by the client, the attorney shall provide a bill to the client no later than 10 days following the request unless the attorney has provided a bill to the client within 31 days prior to the request, in which case the attorney may provide a bill to the client no later than 31 days following the date the most recent bill was provided. The client is entitled to make requests at intervals of no less than 30 days following the initial request. In providing responses to client requests for billing information, the attorney may use billing data that is currently effective on the date of the request, or, if any fees or costs to that date cannot be accurately determined, they shall be described and estimated.

(c) Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee.

(d) This section shall not apply to any of the following:

(1) Services rendered in an emergency to avoid foreseeable prejudice to the rights or interests of the client or where a writing is otherwise impractical.

(2) An arrangement as to the fee implied by the fact that the attorney's services are of the same general kind as previously rendered to and paid for by the client.

(3) If the client knowingly states in writing, after full disclosure of this section, that a writing concerning fees is not required.

(4) If the client is a corporation.

(e) This section applies prospectively only to fee agreements following its operative date.

(f) This section shall become operative on January 1, 2000.